UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN THE MATTER OF GRAND HERITAGE MANAGEMENT, LLC, Plaintiff, | ) | |
| v. | ) | M.P. No. 06- |
| MICHAEL MURPHY AND JAY DIGIULIO, Defendants. | ) | MISC 06 085 |

**PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS AND FOR AWARD OF COSTS**

Plaintiff, Grand Heritage Management, LLC, ("Plaintiff") hereby moves this Court for an order, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, compelling Vanderbilt Hall, L.P., Michael Corso and Arnold B. "Buff" Chace to comply with subpoenas issued May 26, 2006. As grounds for this Motion, Plaintiff states:

1. On February 22, 2006 Plaintiff filed actions in the United States District Court for the District of Oregon against Defendants Michael Murphy ("Murphy") and Jay Digiulio ("Digiulio") ("Murphy" and "Digiulio" shall hereafter collectively be referred to as "Defendants") alleging that during the period of time that the Defendants were employed by Plaintiff, Defendants committed breaches of their contracts with Plaintiff, misappropriated and converted Plaintiff's trade secrets, and made fraudulent representations with regard to their employment contract, resulting in injury to the Plaintiff;

2. The cases were subsequently transferred to the United States District Court for the Southern District of New York and are pending there as Grand Heritage Management, LLC v. Michael Murphy, Case No. 06-cv-06101 NRB and Grand Heritage Management, LLC v. Michael Murphy, Case No. 06-cv-05977 NRB;

3. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, on or about May 26, 2006, Plaintiff properly served subpoenas issued by the United States District Court for the District of Rhode Island, copies of which are attached hereto, requesting certain documents from Vanderbilt Hall, Michael Corso, and Arnold B. "Buff" Chace believed to contain discoverable information relevant to Plaintiff's claims for misappropriation and conversion of trade secrets;

4. The scheduled date for compliance with the subpoenas was June 13, 2006;

5. Despite repeated good faith efforts by Plaintiff, including reliance on discussions and representations by their counsel that the documents would be produced, to date, Vanderbilt Hall, Michael Corso, and Arnold B. "Buff" Chace, have all failed to produce any of the subpoenaed documents and have failed to provide sufficient rationale for their noncompliance; and

6. As further detailed in a June 15, 2006 letter to counsel for the subpoenaed parties, a copy of which is attached hereto, the subpoenaed parties neither a filed a timely written objection to the subpoenas, as is required under Federal Rule of Civil Procedure 45(c)(2)(B), nor sought a protective order under Federal Rule of Civil Procedure 45(c)(3)(A), thereby causing Plaintiff's Oregon counsel to incur costs and expenses to travel from Oregon to Rhode Island upon belief that the subpoenaed documents would be produced.

7. In further support of this Petition, Plaintiff has submitted an accompanying memorandum.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1) Issue an Order compelling Vanderbilt Hall, Michael Corso and Arnold B. "Buff" Chace to comply with the issued subpoenas by forthwith producing the documents identified therein;

2) Order the subpoenaed parties to pay the costs and expenses incurred by Plaintiff's Oregon counsel to travel to Rhode Island;

3) Order the subpoenaed parties to pay Plaintiff's attorneys' fees; and

4) Award such other and further relief that the Court deems fair and just.

Respectfully submitted,

GRAND HERITAGE MANAGEMENT, LLC

By its Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

Douglas A. Giron

Douglas A. Giron, RI Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
Tel. (401) 272-1400
Fax (401) 272-1403

Dated: September 19, 2006

## CERTIFICATE OF SERVICE

I certify that the within Plaintiff's Motion to Enforce Subpoenas was served upon the following counsel of record on September 19, 2006:

Michael J. Lepizzera, Jr. Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

Robert Simon, Esq.
P.O. Box 820035
Sellwood Station
Portland, OR, 97282

Kenneth Ray Davis II
Lane Powell PC
601 SW 2nd Ave Ste 2100
Portland, OR 97204

John P. Amato, Sr., Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

Michael Carey, Esq.
Carey & Associates LLC
521 Fifth Avenue, Suite 3300
New York, NY 10175-3399

Douglas J. [signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN THE MATTER OF GRAND HERITAGE MANAGEMENT, LLC,
Plaintiff,

v.

MICHAEL MURPHY AND JAY DIGIULIO,
Defendants.

M.P. No. 06-

MISC 06 085 ML

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS AND FOR AWARD OF COSTS</u>**

*Introduction*

This matter is before the Court on the Motion of Plaintiff Grand Heritage Management, pursuant to Federal Rule of Civil Procedure 45(c), to enforce subpoenas for the production of documents issued to non-parties, Vanderbilt Hall, L.P., Michael Corso and Arnold B. "Buff" Chace. Plaintiff served the subpoenas in the matters of *Grand Heritage Management, LLC v. Murphy* and *Grand Heritage Management, LLC v. DiGiulio*, both originally pending in the United States District Court for the District of Oregon, and now transferred to the Southern District of New York, Civil Action Numbers 06-cv-06101 NRB (*Murphy*) and 06-cv-5977 NRB (*DiGiulio*). The underlying cases allege that during the period of time that the Defendants were employed by Plaintiff, Defendants committed breaches of their contracts with Plaintiff, misappropriated and converted Plaintiff's trade secrets, and made fraudulent representations with regard to their employment contract, resulting in injury to the Plaintiff. The subpoenas sought the production of documents that contained discoverable information relevant to Plaintiff's claims for misappropriation and conversion of trade secrets.

The subpoenas issued from the District of Rhode Island inasmuch as the subpoenaed parties are all citizens of this State. The issuance date of the subpoenas was May 8, 2006. The subpoenas were served on May 26, 2006, and called for the production of the requested documents on June 13, 2006 at the offices of Plaintiff's undersigned Rhode Island counsel. Plaintiff did not receive any timely objection to the subpoenas pursuant to Rule of Civil Procedure 45(c)(2)(B), nor did the subpoenaed parties move for a protective order pursuant to Rule 45(c)(3)(A). Instead, on the evening before the time for compliance with the subpoenas, the undersigned counsel received an e-mail from the subpoenaed parties' counsel objecting to responding to the subpoenas until after the Oregon federal court ruled on a pending motion to stay discovery. As a result of the failure of the subpoenaed parties to serve a timely objection or to seek a timely protective order, Plaintiff's Oregon counsel traveled to Rhode Island to be present for the production of the documents requested in the subpoenas.

Although the Oregon court refused to stay discovery as to the subpoenas issued here, the subpoenaed parties to this date have failed and refused to produce the requested documents, despite Plaintiff's good faith efforts to obtain their voluntary compliance, and despite the repeated promises of their counsel that the documents would be produced. There have been no substantive objections to the requested documents.

*Argument*

A. <u>Plaintiff Is Entitled To An Order Compelling The Production Of The Requested Documents.</u>

In accordance with Federal Rule of Civil Procedure 45(c), Plaintiff is entitled to an order compelling the subpoenaed parties to produce the requested documents forthwith. The subpoenaed parties neither served a timely objection to the subpoenas (which must be served within 14 days after service of the subpoena, Fed R. Civ. P. 45(c)(2)(b)), nor served a timely motion to quash the subpoenas under Rule 45(c)(3)(A). They have raised no substantive

objection to any of the requested documents. Such failure constitutes a waiver of objections to any of the requested documents. *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 196 F.R.D. 1, 2 (D.D.C. 2000). Accordingly, this Court should issue an order compelling the subpoenaed parties to produce all of the requested documents within 10 days of the date of the order.

B. The Court Should Order The Subpoenaed Parties To Pay Plaintiff's Reasonable Attorney's Fees And Reimburse Plaintiff's Oregon Counsel For The Costs And Expenses Of Travel To Rhode Island.

In view of the failure of the subpoenaed parties to serve timely objections or to seek a protective order, Plaintiff's Oregon counsel traveled to Rhode Island to attend the production of the documents requested in the subpoenas. The subpoenaed parties' waiver of objections thus caused Plaintiff's Oregon counsel to incur travel costs and expenses that could have been avoided. Under the circumstances, the Court should require the subpoenaed parties to reimburse such travel expenses. This is analogous to the authority of the Court under Rule 37 to make such orders as are "just" when a party fails to produce documents requested under Rule 34, which may include an award of expenses. Similarly, the failure of the subpoenaed parties both to raise any substantive objections to the subpoenas and to produce the requested documents warrants an order of this Court requiring the subpoenaed parties to pay Plaintiff's reasonable attorney's fees in connection with the bringing of this Motion.

Respectfully submitted,

GRAND HERITAGE MANAGEMENT, LLC

By its Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

Douglas A. Giron, RI Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
Tel. (401) 272-1400
Fax (401) 272-1403

Dated: September 19, 2006

**CERTIFICATE OF SERVICE**

I certify that the within Memorandum in Support of Plaintiff's Petition to Enforce Subpoenas was served upon the following counsel on September 19, 2006:

Michael J. Lepizzera, Jr. Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

Robert Simon, Esq.
P.O. Box 820035
Sellwood Station
Portland, OR, 97282

Kenneth Ray Davis II
Lane Powell PC
601 SW 2nd Ave Ste 2100
Portland, OR 97204

John P. Amato, Sr., Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

Michael Carey, Esq.
Carey & Associates LLC
521 Fifth Avenue, Suite 3300
New York, NY 10175-3399