CERTIFIED TRUE COPY

Robert S Simon

(Red ink)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GRAND HERITAGE MANAGEMENT LLC.,
V.
MICHAEL MURPHY, DOB 1956

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-249-BR Pending in Oregon

TO: Michael Corso c/o Cornish Associates
46 Aborn Street, 4th Floor
Providence, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Douglas A. Giron, Shechtman Halperin Savage, LLP dgiron@shslawfirm.com1080 Main Street Pawtucket, RI 02860 | 6/13/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert S Simon — Plaintiff | 5/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT S SIMON OSB90120 PO Box 820035Portland, Oregon 97282-1035(503)-417-8766

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-26-06 | 46 Aborn Street, 4th Floor Providence, RI |

SERVED ON (PRINT NAME): Michael Corso c/o Cornish Associates

MANNER OF SERVICE: Personal

SERVED BY (PRINT NAME): FRANK V CATTANEO

TITLE: FEDERAL PROCESS SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-26-06
DATE

SIGNATURE OF SERVER

1405 ATWOOD AVE
ADDRESS OF SERVER
JOHNSTON RI

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**EXHIBIT "A"**

THIS REQUEST IS A CONTINUING ONE. IF YOU SHOULD DISCOVER ADDITIONAL DOCUMENTS AND TANGIBLE THINGS FALLING WITHIN THE TERMS OF THIS REQUEST, THE ADDITIONAL ITEMS MUST BE PRODUCED IMMEDIATELY.

Definitions and Instructions

1. "Documents," as used in these requests, is a comprehensive term. It includes all printed, graphic, or recorded items subject to production and inspection under FRCP 34, as long as the item is within the possession of party to whom this request is directed ("Party"). Information stored or recorded in computer equipment or on audiotape or videotape is within the definition of "documents." "Documents" also includes electronic mail, voice mail, telephone records, facsimile transmission and receipt logs. Electronic mail and digital archived Documents may be produced on a disk with the appropriate reader software, or printed out as hard copy. Documents may be reproduced and delivered to this counsel in lieu of a physical appearance.

2. "Within the possession of the Party" is a comprehensive term. It includes all documents within the possession of the Party or any of its officers, directors, employees, attorneys, agents, or "affiliated entities."

3. "Affiliated entity" means any corporation, partnership, joint venture, or other business entity that is owned or controlled, in whole or in part, by any person or entity who owns or controls such entity whether in whole or in part. Any entity with a partner, officer, or director who is an officer or director of the Party is an "affiliated entity."

4. If documents responsive to these requests come to the Party's attention or possession after the date of this document, they must be produced within 30 days afterward.

5. If a particular category of requested documents does not exist, Party must serve a written response on this counsel stating that the specified documents do not exist.

6. If a particular category of requested documents does exist but the documents are not "within the possession of the Party," the Party must serve a written response on this counsel identifying the documents and stating where they may be found.

7. If any requested documents are withheld on the basis of any claim of a privilege, the Party must serve a written response on this counsel providing the following information for each document that is withheld:

-- The nature of the claim of privilege.

-- The date of the document.

-- The author and addressee of the document.

-- A brief description of the subject matter of the documents.

DOCUMENTS SOUGHT TO BE INSPECTED

Please produce for inspection and copying pursuant to this subpoena the following Documents:

1. All Documents of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

2. All Documents of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

3. All electronic mail of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005.

4. All electronic mail of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005.

(Red Ink)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GRAND HERITAGE MANAGEMENT LLC.,
V.
JAY DIGIULIO, DOB 1960

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-248-BR Pending in Oregon

TO: Vanderbilt Hall L.P.
41 Mary Street
Newport RI 02840

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Douglas A. Giron, Shechtman Halperin Savage, LLP dgiron@shslawfirm.com1080 Main Street Pawtucket, RI 02860 | 6/13/2006 8:36 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Plaintiff | 5/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT S SIMON OSB90120 PO Box 820035Portland, Oregon 97282-1035(503)-417-8766

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-26-06 | PROVIDENCE, RI |

SERVED ON (PRINT NAME): VANDERBILT HALL, LP

MANNER OF SERVICE: AGENT MICHAEL CORSO ESQ

SERVED BY (PRINT NAME): FRANK V CATAMERO

TITLE: FEDERAL PROCESS SERVICE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-26-06
DATE

SIGNATURE OF SERVER

1408 ATWOOD AVE
ADDRESS OF SERVER
JOHNSTON

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**EXHIBIT "A"**

THIS REQUEST IS A CONTINUING ONE. IF YOU SHOULD DISCOVER ADDITIONAL DOCUMENTS AND TANGIBLE THINGS FALLING WITHIN THE TERMS OF THIS REQUEST, THE ADDITIONAL ITEMS MUST BE PRODUCED IMMEDIATELY.

Definitions and Instructions

1. "Documents," as used in these requests, is a comprehensive term. It includes all printed, graphic, or recorded items subject to production and inspection under FRCP 34, as long as the item is within the possession of party to whom this request is directed ("Party"). Information stored or recorded in computer equipment or on audiotape or videotape is within the definition of "documents." "Documents" also includes electronic mail, voice mail, telephone records, facsimile transmission and receipt logs. Electronic mail and digital archived Documents may be produced on a disk with the appropriate reader software, or printed out as hard copy. Documents may be reproduced and delivered to this counsel in lieu of a physical appearance.

2. "Within the possession of the Party" is a comprehensive term. It includes all documents within the possession of the Party or any of its officers, directors, employees, attorneys, agents, or "affiliated entities."

3. "Affiliated entity" means any corporation, partnership, joint venture, or other business entity that is owned or controlled, in whole or in part, by any person or entity who owns or controls such entity whether in whole or in part. Any entity with a partner, officer, or director who is an officer or director of the Party is an "affiliated entity."

4. If documents responsive to these requests come to the Party's attention or possession after the date of this document, they must be produced within 30 days afterward.

5. If a particular category of requested documents does not exist, Party must serve a written response on this counsel stating that the specified documents do not exist.

6. If a particular category of requested documents does exist but the documents are not "within the possession of the Party," the Party must serve a written response on this counsel identifying the documents and stating where they may be found.

7. If any requested documents are withheld on the basis of any claim of a privilege, the Party must serve a written response on this counsel providing the following information for each document that is withheld:

-- The nature of the claim of privilege.

-- The date of the document.

-- The author and addressee of the document.

-- A brief description of the subject matter of the documents.

DOCUMENTS SOUGHT TO BE INSPECTED

Please produce for inspection and copying pursuant to this subpoena the following Documents:

1. All Documents of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

2. All Documents of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

3. All electronic mail of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005.

4. All electronic mail of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005.

CERTIFIED TRUE COPY
(Red Ink)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GRAND HERITAGE MANAGEMENT LLC.,
V.
MICHAEL MURPHY, DOB 1956

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-249-BR Pending in Oregon

TO: Vanderbilt Hall L.P.
41 Mary Street
Newport RI 02840

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Douglas A. Giron, Shechtman Halperin Savage, LLP dgiron@shslawfirm.com1080 Main Street Pawtucket, RI 02860 | 6/13/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 5/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT S SIMON OSB90120 PO Box 820035Portland, Oregon 97282-1035(503)-417-8766

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-26-06 | ~~41 Mary Street Newport RI 02840~~ PROVIDENCE, RI |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| VANDERBILT HALL, LP | AGENT MICHAEL CORSO ESQ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| FRANK V CATTANEO | FEDERAL PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-26-06
DATE

[signature]
SIGNATURE OF SERVER

1405 ATWOOD AVE
ADDRESS OF SERVER
JOHNSTON

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## EXHIBIT "A"

THIS REQUEST IS A CONTINUING ONE. IF YOU SHOULD DISCOVER ADDITIONAL DOCUMENTS AND TANGIBLE THINGS FALLING WITHIN THE TERMS OF THIS REQUEST, THE ADDITIONAL ITEMS MUST BE PRODUCED IMMEDIATELY.

<u>Definitions and Instructions</u>

1. "Documents," as used in these requests, is a comprehensive term. It includes all printed, graphic, or recorded items subject to production and inspection under FRCP 34, as long as the item is within the possession of party to whom this request is directed ("Party"). Information stored or recorded in computer equipment or on audiotape or videotape is within the definition of "documents." "Documents" also includes electronic mail, voice mail, telephone records, facsimile transmission and receipt logs. Electronic mail and digital archived Documents may be produced on a disk with the appropriate reader software, or printed out as hard copy. Documents may be reproduced and delivered to this counsel in lieu of a physical appearance.

2. "Within the possession of the Party" is a comprehensive term. It includes all documents within the possession of the Party or any of its officers, directors, employees, attorneys, agents, or "affiliated entities."

3. "Affiliated entity" means any corporation, partnership, joint venture, or other business entity that is owned or controlled, in whole or in part, by any person or entity who owns or controls such entity whether in whole or in part. Any entity with a partner, officer, or director who is an officer or director of the Party is an "affiliated entity."

4. If documents responsive to these requests come to the Party's attention or possession after the date of this document, they must be produced within 30 days afterward.

5. If a particular category of requested documents does not exist, Party must serve a written response on this counsel stating that the specified documents do not exist.

6. If a particular category of requested documents does exist but the documents are not "within the possession of the Party," the Party must serve a written response on this counsel identifying the documents and stating where they may be found.

7. If any requested documents are withheld on the basis of any claim of a privilege, the Party must serve a written response on this counsel providing the following information for each document that is withheld:

-- The nature of the claim of privilege.

-- The date of the document.

-- The author and addressee of the document.

-- A brief description of the subject matter of the documents.

DOCUMENTS SOUGHT TO BE INSPECTED

Please produce for inspection and copying pursuant to this subpoena the following Documents:

1. All Documents of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

2. All Documents of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

3. All electronic mail of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005.

4. All electronic mail of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005.

CERTIFIED TRUE COPY
(Red Ink)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GRAND HERITAGE MANAGEMENT LLC.,
V.
MICHAEL MURPHY, DOB 1956

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-249-BR Pending in Oregon

TO: Arnold B. "Buff" Chace Jr. c/o Cornish Associates
46 Aborn Street, 4th Floor
Providence, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Douglas A. Giron, Shechtman Halperin Savage, LLP dgiron@shslawfirm.com1080 Main Street Pawtucket, RI 02860 | 6/13/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| PLAINTIFF | 5/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Attorneys for Plaintiff
ROBERT S SIMON OSB90120 PO Box 820035Portland, Oregon 97282-1035(503)-417-8766

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-26-06 | 46 Aborn Street, 4th Floor Providence, RI |

SERVED ON (PRINT NAME): Arnold B. "Buff" Chace Jr. c/o Cornish Associates

MANNER OF SERVICE: ~~Personal~~ C/O MICHAEL CORSO ESQ AS PER MR CHACE

SERVED BY (PRINT NAME): FRANK V CATTANERO

TITLE: FEDERAL PROCESS SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-26-06
DATE

[signature]
SIGNATURE OF SERVER

1408 ATWOOD AVE
ADDRESS OF SERVER

JOHNSTON

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**EXHIBIT "A"**

THIS REQUEST IS A CONTINUING ONE. IF YOU SHOULD DISCOVER ADDITIONAL DOCUMENTS AND TANGIBLE THINGS FALLING WITHIN THE TERMS OF THIS REQUEST, THE ADDITIONAL ITEMS MUST BE PRODUCED IMMEDIATELY.

Definitions and Instructions

1. "Documents," as used in these requests, is a comprehensive term. It includes all printed, graphic, or recorded items subject to production and inspection under FRCP 34, as long as the item is within the possession of party to whom this request is directed ("Party"). Information stored or recorded in computer equipment or on audiotape or videotape is within the definition of "documents." "Documents" also includes electronic mail, voice mail, telephone records, facsimile transmission and receipt logs. Electronic mail and digital archived Documents may be produced on a disk with the appropriate reader software, or printed out as hard copy. Documents may be reproduced and delivered to this counsel in lieu of a physical appearance.

2. "Within the possession of the Party" is a comprehensive term. It includes all documents within the possession of the Party or any of its officers, directors, employees, attorneys, agents, or "affiliated entities."

3. "Affiliated entity" means any corporation, partnership, joint venture, or other business entity that is owned or controlled, in whole or in part, by any person or entity who owns or controls such entity whether in whole or in part. Any entity with a partner, officer, or director who is an officer or director of the Party is an "affiliated entity."

4. If documents responsive to these requests come to the Party's attention or possession after the date of this document, they must be produced within 30 days afterward.

5. If a particular category of requested documents does not exist, Party must serve a written response on this counsel stating that the specified documents do not exist.

6. If a particular category of requested documents does exist but the documents are not "within the possession of the Party," the Party must serve a written response on this counsel identifying the documents and stating where they may be found.

7. If any requested documents are withheld on the basis of any claim of a privilege, the Party must serve a written response on this counsel providing the following information for each document that is withheld:

-- The nature of the claim of privilege.

-- The date of the document.

-- The author and addressee of the document.

-- A brief description of the subject matter of the documents.

DOCUMENTS SOUGHT TO BE INSPECTED

Please produce for inspection and copying pursuant to this subpoena the following Documents:

1. All Documents of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

2. All Documents of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

3. All electronic mail of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005.

4. All electronic mail of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005.

CERTIFIED TRUE COPY

Robert S Simon

(Red Ink)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GRAND HERITAGE MANAGEMENT LLC.,

V.

JAY DIGIULIO, DOB 1960,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-248-BR (Pending in OR)

TO: Arnold B. "Buff" Chace Jr. c/o Cornish Associates
46 Aborn Street, 4th Floor
Providence, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Douglas A. Giron, Shechtman Halperin Savage, LLP dgiron@shslawfirm.com1080 Main Street Pawtucket, RI 02860 | 6/13/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert S Simon Plaintiff | 5/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Attorneys for Plaintiff
ROBERT S SIMON OSB90120 PO Box 820035Portland, Oregon 97282-1035(503)-417-8766

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-26-06 | 46 Aborn Street, 4th Floor<br>Providence, RI |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Arnold B. "Buff" Chace Jr. c/o Cornish Associates | ~~Personal~~ c/o MICHAEL CORSO ESQ AS PER MR CHACE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| FRANK V CATAMERO | FEDERAL PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-26-06
DATE

SIGNATURE OF SERVER

1404 ATWOOD AVE
ADDRESS OF SERVER

JOHNSTON

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**EXHIBIT "A"**

THIS REQUEST IS A CONTINUING ONE. IF YOU SHOULD DISCOVER ADDITIONAL DOCUMENTS AND TANGIBLE THINGS FALLING WITHIN THE TERMS OF THIS REQUEST, THE ADDITIONAL ITEMS MUST BE PRODUCED IMMEDIATELY.

Definitions and Instructions

1. "Documents," as used in these requests, is a comprehensive term. It includes all printed, graphic, or recorded items subject to production and inspection under FRCP 34, as long as the item is within the possession of party to whom this request is directed ("Party"). Information stored or recorded in computer equipment or on audiotape or videotape is within the definition of "documents." "Documents" also includes electronic mail, voice mail, telephone records, facsimile transmission and receipt logs. Electronic mail and digital archived Documents may be produced on a disk with the appropriate reader software, or printed out as hard copy. Documents may be reproduced and delivered to this counsel in lieu of a physical appearance.

2. "Within the possession of the Party" is a comprehensive term. It includes all documents within the possession of the Party or any of its officers, directors, employees, attorneys, agents, or "affiliated entities."

3. "Affiliated entity" means any corporation, partnership, joint venture, or other business entity that is owned or controlled, in whole or in part, by any person or entity who owns or controls such entity whether in whole or in part. Any entity with a partner, officer, or director who is an officer or director of the Party is an "affiliated entity."

4. If documents responsive to these requests come to the Party's attention or possession after the date of this document, they must be produced within 30 days afterward.

5. If a particular category of requested documents does not exist, Party must serve a written response on this counsel stating that the specified documents do not exist.

6. If a particular category of requested documents does exist but the documents are not "within the possession of the Party," the Party must serve a written response on this counsel identifying the documents and stating where they may be found.

7. If any requested documents are withheld on the basis of any claim of a privilege, the Party must serve a written response on this counsel providing the following information for each document that is withheld:

-- The nature of the claim of privilege.

-- The date of the document.

-- The author and addressee of the document.

-- A brief description of the subject matter of the documents.

DOCUMENTS SOUGHT TO BE INSPECTED

Please produce for inspection and copying pursuant to this subpoena the following Documents:

1. All Documents of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

2. All Documents of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

3. All electronic mail of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005.

4. All electronic mail of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005.

CERTIFIED TRUE COPY
Robert S Simon
(Red Ink)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GRAND HERITAGE MANAGEMENT LLC.,
V.
JAY DIGIULIO, DOB 1960

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-248-BR Pending in Oregon

TO: Michael Corso c/o Cornish Associates
46 Aborn Street, 4th Floor
Providence, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Douglas A. Giron, Shechtman Halperin Savage, LLP dgiron@shslawfirm.com1080 Main Street Pawtucket, RI 02860 | 6/13/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert S Simon Plaintiff | 5/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ROBERT S SIMON OSB90120 PO Box 820035Portland, Oregon 97282-1035(503)-417-8766

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-26-06 | 46 Aborn Street, 4th Floor<br>Providence, RI |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael Corso c/o Cornish Associates | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| FRANK V CATTAMORO | FEDERAL PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-26-06
DATE

[signature]
SIGNATURE OF SERVER

1405 ATWOOD AVE
ADDRESS OF SERVER
JOHNSTON RI

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**EXHIBIT "A"**

THIS REQUEST IS A CONTINUING ONE. IF YOU SHOULD DISCOVER ADDITIONAL DOCUMENTS AND TANGIBLE THINGS FALLING WITHIN THE TERMS OF THIS REQUEST, THE ADDITIONAL ITEMS MUST BE PRODUCED IMMEDIATELY.

Definitions and Instructions

1. "Documents," as used in these requests, is a comprehensive term. It includes all printed, graphic, or recorded items subject to production and inspection under FRCP 34, as long as the item is within the possession of party to whom this request is directed ("Party"). Information stored or recorded in computer equipment or on audiotape or videotape is within the definition of "documents." "Documents" also includes electronic mail, voice mail, telephone records, facsimile transmission and receipt logs. Electronic mail and digital archived Documents may be produced on a disk with the appropriate reader software, or printed out as hard copy. Documents may be reproduced and delivered to this counsel in lieu of a physical appearance.

2. "Within the possession of the Party" is a comprehensive term. It includes all documents within the possession of the Party or any of its officers, directors, employees, attorneys, agents, or "affiliated entities."

3. "Affiliated entity" means any corporation, partnership, joint venture, or other business entity that is owned or controlled, in whole or in part, by any person or entity who owns or controls such entity whether in whole or in part. Any entity with a partner, officer, or director who is an officer or director of the Party is an "affiliated entity."

4. If documents responsive to these requests come to the Party's attention or possession after the date of this document, they must be produced within 30 days afterward.

5. If a particular category of requested documents does not exist, Party must serve a written response on this counsel stating that the specified documents do not exist.

6. If a particular category of requested documents does exist but the documents are not "within the possession of the Party," the Party must serve a written response on this counsel identifying the documents and stating where they may be found.

7. If any requested documents are withheld on the basis of any claim of a privilege, the Party must serve a written response on this counsel providing the following information for each document that is withheld:

-- The nature of the claim of privilege.

-- The date of the document.

-- The author and addressee of the document.

-- A brief description of the subject matter of the documents.

DOCUMENTS SOUGHT TO BE INSPECTED

Please produce for inspection and copying pursuant to this subpoena the following Documents:

1. All Documents of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

2. All Documents of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005 which reference:

a. Vanderbilt Hall LLP,
b. Vanderbilt Hall, Newport, Rhode Island
c. Boutique Club International,
d. Carribean Clubs International,
e. Beach Properties Bermuda Ltd., Bermuda
f. Troutbeck Inn & Conference Center, Amenia, NY
g. Troutbeck Associates LLC.,
h. GHRC-Troutbeck, LLC.,
i. Bitter End Yacht Club, British Virgin Islands
j. Cottage Era Estates,
k. CopperWynd Resorts,
l. Si Como No Resort, Cabo, Mexico
m. The Orchards Hotel, Williamstown, MA

3. All electronic mail of any kind which you obtained from or provided to Michael Murphy from April 1, 2004 through December 31, 2005.

4. All electronic mail of any kind which you obtained from or provided to Jay DiGiulio from April 1, 2004 through December 31, 2005.