ATTORNEYS AT LAW
SHECHTMAN
HALPERIN
SAVAGE, LLP
*A Limited Liability Partnership*

June 15, 2006

Michael J. Lepizzera, Jr., Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

Re: *GH Management v. Murphy/DiGiulio*

Dear Michael:

As you know, plaintiff re-served subpoenas in the above cases requesting the production of documents from Vanderbilt Hall, Michael Corso, and Buff Chace. The subpoenas were served on May 26, 2006. Michael Corso, Esq. accepted service of all three subpoenas. On June 12, 2006, I received an e-mail from you indicating that you represented the subpoenaed persons/entities, and that you objected to responding until after the Oregon court ruled on defendants' pending motion to stay discovery.

Regardless whether you had a right to withhold your response pending the outcome of the motion, Federal Rule of Civil Procedure 45(c)(2)(B) required the subpoenaed persons, within 14 days after service of the subpoena, to serve a written objection to production of the requested materials. Alternatively, you could have moved in the Rhode Island federal district court, under Rule 45(c)(3)(A), for a protective order. However, you did neither, and your letter to me was not served within the required time frame. Under the circumstances, the failure to serve timely objections constituted a waiver of objections to the subpoena. *See Judicial Watch, Inc. v U.S. Dept. of Commerce*, 196 F.R.D. 1, 2 (D.D.C. 2000). As a consequence, Mr. Simon incurred the expense to travel from Oregon to Rhode Island, which a timely objection could have avoided.

In view of the foregoing, it appears that GH Management is entitled to reimbursement of the travel costs and expenses of Mr. Simon associated with his trip to Rhode Island. I am writing under Rule 37(a)(1), prior to filing any motion under that Rule, to inquire whether the subpoenaed parties will voluntarily reimburse GH Management for Mr. Simon's travel costs (which consist of airfare, one night in a hotel, and meal expenses).

If I do not hear from you with seven days of the date of this letter, I will assume a negative response and proceed with plaintiff's motion.

As to your clients' responses to the subpoenas, please call me per our last telephone conference to coordinate the responses, to discuss privileges that may be asserted, and to address (without waiving any rights we may have) possible resolution of any of the substantive objections that you raised in your June 12 letter.

Sincerely,

Douglas A. Giron

Cc: Robert Simon, Esq.

# Michael E. Hogue

June 12, 2006

The Honorable Douglas A. Giron, Esq.
Giron Schectman Halperin Savage, LLC
1080 Main Street
Pawtucket, RI 02860

RE: Grand Heritage Management LLC. v. Jay DiGiulio and Michael Murphy

Dear Mr. Giron:

During much of the period that Mssrs. DiGiulio, Murphy and Grand Heritage Management marketed their respective expertise to develop Vanderbilt Hall Hotel for Arnold B. Chace/Vanderbilt Hall LP, I served as a financial consultant to Cornish Associates. Cornish Associates is a majority owned property development company of Mr. Chace.

In March of this year, that consulting relationship came to a close. All documents, electronic files etc. related to these conversations and the development proposal reside with Cornish Associates. I have no files, electronic or otherwise, in my possession relating to the parties identified above or the properties identified in the subpoena.

Sincerely,

Michael E. Hogue

116 Chestnut Street Providence, Rhode Island 02903
401 421 5592 phone 401 521 2066 fax