**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN THE MATTER OF GRAND HERITAGE MANAGEMENT, LLC Plaintiff, | ) | |
| V. | ) | M.P. No. 06-085 ML |
| MICHAEL MURPHY AND JAY DIGIULIO | ) | |

**OBJECTION TO PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS AND FOR AWARD OF COSTS**

Now come the interested parties, Vanderbilt Hall, L.P., Michael Corso and Arnold "Buff" Chace, and hereby object to the Plaintiff's Motion to Enforce Subpoenas and For Award of Costs that is scheduled for hearing on Friday, October 13, 2006. In support of said objection, the interested parties submit the attached memorandum of law.

Interested parties, Vanderbilt Hall, L.P.,
Michael Corso and Arnold B. "Buff" Chace
By and through their Counsel

/s/ Michael J. Lepizzera, Jr.
/s/ Christian C. Potter
Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950
Cpotter@lldlawyers.com
Mlepizzera@lldlawyers.com

**CERTIFICATION**

I certify that on this 10th day of October 2006 a true and accurate copy of the within was filed electronically and it is available for viewing and downloading from the ECF System. Further I certify that that the undersigned were served was sent a copy of said motion electronically:

Douglas A. Giron, #2943
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, Rhode Island 02860
Telephone: (401) 272-1400
Facsimile: (401) 272-1403
Dgiron@shslawfirm.com

/s/ Christian C. Potter

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN THE MATTER OF GRAND HERITAGE MANAGEMENT, LLC<br>Plaintiff, | ) | |
| V. | ) | M.P. No. 06-085 ML |
| MICHAEL MURPHY AND JAY DIGIULIO | ) | |

**Non-Parties Vanderbilt Hall, L.P., Michael Corso and Arnold B. Chace's Objection to Plaintiff's Motion to Enforce Subpoenas and for an Award of Costs**

This matter is before the Court on the Plaintiff Grand Heritage Management, LLC's ("Grand Heritage") motion to enforce subpoenas and for an award of costs against non-parties Vanderbilt Hall, L.P. ("Vanderbilt"), Michael Corso ("Corso") and Arnold B. Chace ("Chace") (collectively referred to as the "non-parties" or the "Objectors"). The Objectors have lodged this objection in order to preserve their rights and, more importantly, to provide the Court with a complete picture and timeline of what has transpired with respect to the numerous subpoenas issued by Grand Heritage in connection with its multi-jurisdictional litigation against Defendants Michael Murphy and Jay DiGiulio.

A person reading only the pleadings filed by Grand Heritage in this court proceeding would be completely unaware of the subpoena practice engaged in by Grand Heritage with respect to Vanderbilt, Corso and Chace prior to May 26, 2006. This is relevant because subpoenas previously issued by Grand Heritage and served upon these same third parties were answered and objected to by way of a detailed six (6) page letter

addressed to Grand Heritage's counsel. *Annexed hereto as Exhibit A is a true and accurate copy of the April 10, 2006 letter objection.*[1] Although not identical in nature, the subpoenas referenced in Michael J. Lepizzera, Jr.'s April 10, 2006 letter to Grand Heritage's Oregon counsel sought the production of substantially the same type of information sought in the subpoenas at issue here.[2] Thus, this is not a case as Grand Heritage might have this Court believe where the "non-parties" completely ignored the subpoenas and the requesting party never heard from the non-parties. Grand Heritage was fully aware that the non-parties had objections to the information sought in the subpoena.

The Objectors not only filed an objection to the first round of subpoenas but they also lodged an objection to the subpoenas at issue here. *Annexed hereto as Exhibit B is a true and accurate copy of the June 12, 2006 letter from Michael J. Lepizzera, Jr. to Grand Heritage's counsel.* This letter predates the return date listed on the second round of subpoenas. Again, the "non-parties" did not ignore the subpoenas but provided counsel with a reply.

Just one of the objections raised by the "non-parties" in response to the subpoenas was a question concerning Grand Heritage's ability to conduct discovery in the underlying Oregon case without the Federal District Court in Oregon conducting an

[1] For brevity sake, counsel relies upon his April 10, 2006 correspondence and will not reiterate the objections lodged in response to the first round of subpoenas which were equally applicable to the second wave of subpoenas at issue here.

[2] The previously issued subpoenas were served upon the "non-parties" on March 31, 2006 and required the non-parties to respond to Rhode Island counsel's office at 9:00 am on April 11, 2006 with their documents. Therefore, the issuing party (Grand Heritage) afforded the non-parties less than fourteen (14) days to respond to an otherwise voluminous request. As the April 10, 2006 letter also lays out, the first round of subpoenas issued by Grand Heritage were issued out of the District of Oregon in violation of Federal Rule of Civil Procedure 45. Counsel for the "non-parties" has not filed a motion for an award of costs for the flagrant violation of Rule 45 committed by Grand Heritage in the first round of erroneously issued subpoenas. Likewise, there should be no request for an award of costs made by Grand Heritage against the non-parties.

initial conference pursuant to Fed. R. Civ. P. 26(f) and District of Oregon Local Rule 26.1. Another question raised was the ability of Grand Heritage to conduct multi-jurisdictional discovery in light of the motion to dismiss filed by defendants for lack of personal jurisdiction.

These questions were not only broached by the "non-parties" in its objections served upon Grand Heritage but were also raised in a pleading filed by the defendants in the underlying lawsuit pending in the District of Oregon. *Annexed hereto as Exhibit C is a true and accurate copy of the Amended Memorandum in Support of Motion for Protective Order*.

The District of Oregon Court scheduled the Defendant's Motion for Protective Order for hearing on June 13, 2006. This is the same date as the return date provided for in the subject subpoenas. Therefore, Grand Heritage was asking the "non-parties" to comply with subpoenas on the very date the District of Oregon Court had scheduled for hearing whether Grand Heritage had the authority to issue those particular subpoenas.[3]

One also has to question the reasonableness of the so-called travel costs Grand Heritage seeks to collect from the non-parties. Was it reasonable for Grand Heritage's Oregon counsel to fly across the country in light of the events leading up to June 13, 2006? Why would counsel fly to Rhode Island to collect documents when on the very same date there is a motion pending in the District of Oregon concerning the validity and enforceability of those subpoenas? It is also important to note that these subpoenas did not call for anyone to testify at a deposition. The subpoenas merely sought the

[3] In fact, Grand Heritage was actually asking the "non-parties" to respond to the subpoenas before the Court in the District of Oregon had a chance to rule on the motion for protective order. The subpoena called for a return date on June 13, 2006 at *9:00 am*. The time for production of documents certainly came first in light of the differing time zones.

production of documents. Rhode Island counsel was designated on the subpoenas issued by Grand Heritage. What was the purpose of sending Oregon counsel to collect documents in Rhode Island? Rhode Island counsel could have collected the documents if indeed documents were going to be produced. Documents could have also been produced by mail. The bottom line here is that Grand Heritage is not entitled to an award of costs. The costs they seek to collect were not only unreasonable but unnecessary in light of the timeline and events surrounding the two (2) waves of subpoenas issued by Grand Heritage.

Counsel for the "non-parties" did contact Grand Heritage local counsel concerning the subpoenas after he learned of the court's split ruling on the motion for protective order. Counsel had hoped to have the documents produced to Grand Heritage within a reasonable time after said discussion. Unfortunately, the undersigned counsel became ill resulting in a hospitalization this summer. This unexpected absence caused a delay in responding to the merits of the subpoena.

Two (2) counsel from the undersigned firm have reviewed voluminous documents in order to respond to the subpoena. The undersigned counsel has visited the corporate headquarters for his clients and spent considerable time collecting documents and e-mails. This has been an enormous task whish has consumed a considerable amount of unexpected time. The undersigned counsel is currently in possession of the responsive documents and is putting together a comprehensive list itemizing the documents to be produced. This will assist Grand Heritage in reviewing the production as opposed to the "non-parties" simply dropping off stacks of documents without any supporting list. This project of compiling the documents has taken much longer than expected but the non-

parties are confident that the subpoena will be complied with prior to the hearing scheduled for October 13, 2006.

The only issue left unresolved with the document request concerns the ability of the "non-parties" to ascertain exactly what has been "obtained from or provided to" the defendants in the underlying action. For example, the subpoena as it currently reads asks for the production of "documents of any kind which you **obtained from or provided to** [defendants] . . . . ."

It is not difficult to ascertain if a document was provided to defendants if the document contains a reference that it was sent to defendants. This obviously can be ascertained through addressees listed on an e-mail or a letter. However, it becomes more difficult for the non-parties to properly respond to the subpoena when it comes to documents that do not contain any addressees or receivers of said information.

The non-parties have jumped through hoops to respond to the unusual set of circumstances surrounding the two (2) different sets of subpoenas served upon them. The non-parties have spent and are continuing to spend significant resources on legal fees to respond to the subpoenas. These were also not your run of the mill subpoenas. The subpoenas each contain twenty-eight (28) different categories of information seeking the production of documents and e-mails from the "non-parties" covering a twenty-one (21) month period.[4] The "non-parties" also incurred unnecessary expense with respect to the first round of subpoenas which were erroneously issued by Grand Heritage out of the District of Oregon. Finally, the unidentified expenses and costs referenced in Grand Heritage's moving papers are unreasonable and unnecessary.

[4] Annexed hereto as Exhibit D is a sample page of the itemized list currently being prepared by counsel for the non-parties.

For all the foregoing reasons, the non-parties respectfully request that Grand Heritage's motion to enforce the subpoenas and for an award of costs be dismissed with prejudice.

Vanderbilt Hall, L.P., Michael Corso
and Arnold B. "Buff" Chace
By and through their Counsel

/s/ Michael J. Lepizzera, Jr
/s/ Christian C. Potter
Michael J. Lepizzera, Jr., #4995
Christian C. Potter #5359
Lepizzera & Laprocina
301 Metro Center Blvd, Suite 102
Warwick, Rhode Island 02886
Telephone: (401) 739-7397
Cpotter@lldlawyers.com
Mlepizzera@lldlawyers.com

## CERTIFICATION

I certify that on this 10th day of October 2006 a true and accurate copy of the within was filed electronically and it is available for viewing and downloading from the ECF System. Further, I certify that that the undersigned were served was sent a copy of said motion electronically:

Douglas A. Giron, #2943
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, Rhode Island 02860
Telephone: (401) 272-1400
Facsimile: (401) 272-1403
Dgiron@shslawfirm.com

/s/ Christian C. Potter