**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**William T. Patton**, OSB No. 97364
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Michael Murphy

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**GRAND HERITAGE MANAGEMENT, LLC,**

Plaintiff,

v.

**MICHAEL MURPHY,**

Defendant.

No. 06-CV-00249-BR

Defendant Michael Murphy's
**AMENDED MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Defendant Michael Murphy respectfully requests that this Court enter an order staying all discovery pending resolution of defendant's motion to dismiss for lack of personal jurisdiction, which he filed on April 12, 2006.

Within two weeks after serving the complaint in this matter, plaintiff issued 22 subpoenas to various individuals and companies located in Rhode Island, Illinois, Massachusetts, and New York. Despite the fact that on March 20, 2006, plaintiff was made aware that defendant was represented by counsel, plaintiff did not give notice to defendant or his attorney that the subpoenas were being served.

As discussed in defendant's Motion to Quash, these subpoenas should be quashed because: (a) they are invalid under Fed. R. Civ. P. 45(a)(2)(C) because plaintiff issued them from the U.S. District Court for the District of Oregon, but they command production in other federal districts (i.e., Rhode Island); (b) plaintiff did not provide defendant with notice of the subpoenas at any time in violation of Fed. R. Civ. P. 45(b)(1); and (c) plaintiff violated Local Rule 26.1(c) by serving the subpoenas before holding an Fed. R. Civ. P. 26(f) discovery planning conference.

Despite the improper nature of the subpoenas, plaintiff has refused to withdraw them. Instead, plaintiff maintains that the third parties must respond to the subpoenas or face sanctions in this Court. None of the discovery that plaintiff seeks from the third parties relates to the jurisdictional issue raised in defendant's motion to dismiss.

Defendant and the numerous third parties who have received subpoenas should not be required to spend the time and money necessary to address plaintiff's wide-ranging and burdensome third-party discovery before the Court has determined whether it has jurisdiction over defendant. Accordingly, the Court should issue a protective order staying all discovery pending resolution of defendant's motion to dismiss.

## II. FACTUAL BACKGROUND[1]

Defendant was served with the complaint in this matter on March 2, 2006. On or about March 16, 2006, plaintiff issued 22 subpoenas for third parties in Rhode Island, Illinois, Massachusetts, and New York. (*See* Declaration of Kenneth Davis in Support of Motion to Quash and Motion for Protective Order ("Davis Dec."), Exs. A-D.) Each of these subpoenas purports to require the responding party to produce virtually every document it has that relates to defendant in any way. *Id.*

[1] In addition to the facts set forth herein, defendant refers the Court to the factual summary contained in his Memorandum in Support of Motion to Dismiss at pages 2-6.



LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

On March 20, 2006, defendant's counsel spoke with plaintiff's counsel. *Id.* ¶ 7. Plaintiff's counsel indicated he was in the process of serving subpoenas on third parties. *Id.* Defendant's counsel reminded plaintiff's counsel that under Local Rule 26.1(c) discovery may not commence until after the parties have had their Fed. R. Civ. P. 26(f) discovery conference. Plaintiff's counsel then told defendant's counsel that plaintiff would hold off serving the subpoenas. *Id.*

However, on or about March 31, 2006, plaintiff served subpoenas on three entities in Rhode Island. (*Id.*, Ex. A, Ex. E at 2.) These subpoenas commanded that responsive documents be produced in Rhode Island by April 11, 2006, one day before defendant's first appearance was due. (*Id.*, Ex. A.) Plaintiff also proceeded to serve subpoenas on five entities in Illinois. (*Id.*, Ex. B.) These subpoenas commanded production of documents by April 25, 2006. *Id.* Finally, plaintiff has also served subpoenas on various entities in Massachusetts and New York, which commanded production of documents on May 9 or May 22, 2006. (*Id.*, Exs. C-D.)

Plaintiff did not provide defendant with any notice that it was serving the subpoenas on the third parties. (*Id.*, ¶ 9.) In fact, defendant first learned that the subpoenas had been served on April 7, 2006, when counsel for the Rhode Island entities contacted defendant's counsel and said his clients had received subpoenas issued from the District of Oregon. *Id.* This came as quite a surprise to defendant's counsel because plaintiff's counsel had previously indicated that plaintiff would refrain from serving the subpoenas. *Id.*

Upon learning that plaintiff was proceeding to serve the subpoenas, defendant's counsel sent a letter to plaintiff's counsel demanding that plaintiff withdraw the subpoenas because they were invalid and plaintiff had improperly served them without notice to defendant and prior to the Fed. R. Civ. P. 26(f) discovery planning conference. (*Id.*, Ex. E.) Plaintiff refused to withdraw the subpoenas. (*Id.*, ¶ 10.)

On April 24, 2006, the parties held their Fed. R. Civ. P. 26(f) discovery planning conference. (*Id.*, ¶ 11.) Defendant's counsel reiterated defendant's objections to the subpoenas.



LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

Defendant's counsel also requested that plaintiff agree to stay non-jurisdictional discovery pending resolution of defendant's motion to dismiss. Plaintiff's counsel said that plaintiff would not agree to a stay and would not withdraw or postpone any of the subpoenas, including those that command responses in Massachusetts and New York on May 9 and May 22. *Id.* Plaintiff's counsel stated that he would postpone the subpoenas only if defendant actually filed a motion for protective order. *Id.*

The Rhode Island entities and Illinois entities have objected to plaintiff's subpoenas because they are invalid under Fed. R. Civ. P. 45 and are overly broad and unduly burdensome. *Id.* ¶ 12. On April 26, 2006, plaintiff's counsel contacted counsel for the Illinois entities and said he intends to re-issue subpoenas to those parties. *Id.*

## III. ARGUMENT

This Court is vested with broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court's power to issue a protective order controlling discovery is set forth in Fed. R. Civ. P. 26(c):

> **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought * * * for good cause shown, the court in which the action is pending * * * may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * * *
>
> (1) that the disclosure or discovery not be had.
>
> * * * *
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

In this case, the Court should issue an order quashing the 22 subpoenas issued by plaintiff because they are all invalid under Fed. R. Civ. P. 45 and were served without notice to defendant and prior to the Fed. R. Civ. P. 26(f) discovery planning conference. In addition, the Court



LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

should issue an order staying all discovery until after the Court rules on defendant's Motion to Dismiss.

## A. Discovery Should Be Stayed Pending Resolution of Defendant's Motion to Dismiss for Lack of Jurisdiction

"A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Tilley v. U.S.*, 270 F. Supp. 2d 731, 734 (M.D. N.C. 2003); *see also Little*, 863 F.2d at 685 (district court's staying of discovery until issue of immunity was decided on summary judgment was not abuse of discretion). Furthermore, the Ninth Circuit and other courts have held that when jurisdiction is challenged, it is appropriate to issue a protective order staying discovery until the jurisdictional issue is resolved. *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378 (9th Cir. 1993) (affirming stay of discovery pending resolution of motion to dismiss for lack of subject matter jurisdiction); *Pharmastem Therapeutics, Inc. v. CORD Blood Registry, Inc.*, 2005 WL 40069 (N.D. Cal. 2005) ("[i]n light of the pending motion to dismiss for lack of personal jurisdiction * * * the Court also stays discovery * * *."); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("When a defendant raises jurisdictional objections, the court may stay discovery proceedings generally * * *.").

The rationale supporting a stay is that jurisdiction goes to the heart of the court's authority to act, and must be resolved before the court takes further action. *See, e.g., Cannon v. United Ins. Co. of America*, 352 F. Supp. 1212, 1215 (D. S.C. 1973) ("this court should not order extended discovery when jurisdiction is doubtful, for the obvious reason that the court might not have the authority to order or direct any further proceedings."). In addition, courts recognize the inherent unfairness of requiring a party to engage in burdensome discovery while a jurisdictional motion is pending. As one court has explained:

> Since there is a motion to dismiss for lack of personal jurisdiction pending, any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome at this time * * *.



LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

*Orchid Biosciences*, 198 F.R.D. at 672.

Here, defendant has moved to dismiss this action for lack of personal jurisdiction. Despite this pending threshold issue, plaintiff wants to pursue wide-ranging, expensive, and burdensome discovery from third parties, none of which is relevant to the issue of personal jurisdiction. The subpoenas issued by plaintiff to the parties in Massachusetts and New York purport to require responses on May 9 and May 22, respectively. Moreover, plaintiff's counsel has recently indicated that he intends to re-issue subpoenas to the Illinois entities.

Even if plaintiff could issue valid subpoenas, the third parties should not be put to the burden and expense of responding to them until the Court decides the threshold jurisdictional issue. Similarly, defendant should not have to participate in costly third party discovery while his jurisdictional motion is pending. This is precisely the kind of situation in which courts have held that a stay of discovery is appropriate. *See Orchid Biosciences*, 198 F.R.D. at 675 ("Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources.").

Furthermore, plaintiff will suffer no prejudice if the Court stays discovery. Defendant only seeks a temporary stay until his motion to dismiss is decided. That motion will be taken under advisement by the Court on May 16, 2006. If, for some reason, the Court denies the motion, the stay will be lifted and the parties can then engage in discovery. Moreover, the parties have already agreed that if this case were to remain in this Court, the discovery cut-off should be October 20, 2006, which leaves plaintiff ample time to conduct third-party discovery. Thus, there is no risk of prejudice to plaintiff.

On the other hand, if a stay is not entered, defendant and the third parties who have received, or may receive, subpoenas will be prejudiced by having to engage in burdensome and expensive discovery, all of which will be unnecessary once the Court grants defendant's Motion to Dismiss. Defendant and the third parties deserve to have the jurisdictional issue decided before engaging in costly and burdensome discovery.



LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

A stay of discovery will promote judicial economy and avoid the expenditure of a great amount of time, effort, and attorneys' fees by the parties. As the Ninth Circuit has explained, a "stay furthers the goal of efficiency for the court and the litigants." *Little*, 863 F.2d at 685. Accordingly, the Court should grant defendant's Motion for Protective Order.

## IV. CONCLUSION

For the reasons set forth above, defendant respectfully requests the Court grant his Motion for Protective Order.

DATED: May 5, 2006

LANE POWELL PC

By s/ William T. Patton
Kenneth R. Davis, II, OSB No. 97113
William Patton, OSB No. 97364
(503) 778-2100
Attorneys for Defendant Michael Murphy



LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200